Per Curiam.
If the paper had been produced, there is no doubt but the subscribing witness must have been called; and the only question is, what difference does its loss make. It is said, the subscribing witness is, in contemplation of law, supposed to attest nothing but the execution of the *315 paper, without either having a knowledge of its contents, or being able to prove its identity ; and that of course, where the paper with his own signature is not produced, he can say nothing with certainty, on the subject. But even a reasonable supposition, that a witness can recollect or say nothing of the matter, to prove which he is, in the first instance, exclusively competent, is no ground to dispense with his attendance, and the party cannot go on with secondary proof of the fact, till the state of the witness’s recollection has been ascertained by producing him to the jury. Here William Allison would doubtless have been able to say, whether he ever witnessed any paper between the parties; (and even that would have been an important fact,) and if he could have answered in the affirmative, he might possibly have spoken of incidents and circumstances in the transaction, that would have served to establish the identity of the paper 5 and being in the first instance, exclusively. competent to prove the execution, he was also exclusively competent to prove the identity, which is a necessary part of the proof of execution itself. The judgment must be reversed.
Judgment reversed.